HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR05-5506 RBL |
| v. | ORDER |
| NICK J. SWAGERTY, | |
| Defendant. | |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion for Reconsideration and Objection to Order for Mental Examination [Dkt. #18].

Having considered the entirety of the records and file herein, the Court finds and rules as follows:

The defendant is charged by way of Indictment handed up on June 30, 2005 with one count of bank robbery committed by force, violence, and intimidation in violation of 18 U.S.C. § 2113(a). The bank robbery occurred on or about May 14, 2003. Swagerty was arrested on October 14, 2005, Assistant Federal Public Defender Russell V. Leonard was appointed to represent the defendant that same day, and the defendant was also arraigned on that date. The trial date was set for December 12, 2005 before this Court. The defendant was remanded, and after a detention hearing on October 19, 2005, the defendant was ordered detained pending trial.

On November 7, 2005 the parties filed a Stipulated Motion to Continue Trial Date [Dkt. #11] which was supported by the Affidavit of Russell V. Leonard [Dkt. #12]. Counsel's affidavit stated:

> Mr. Swagerty is mentally ill.  In the past, he has required psychiatric hospitalizations and psycho-tropic medications to treat his mental illness.  He is currently receiving anti-psychotic medications at the FDC.  <u>Investigation of whether and to the extent Mr. Swagerty's mental illness played a role in his state of mind at the time of this offense are among my top priorities as his defense counsel.</u>  This requires a comprehensive review of his past and present mental functioning, including possible consultation with independent mental health professionals.  This investigation will take time.

(Emphasis added.)  The Court granted the motion and set a new trial date of March 6, 2006 [Dkt. #14], a date requested in the motion.  Pretrial motions cutoff was set for January 17, 2006.  No motions were filed, and the docket reflects no activity in this matter between this Court's November 10, 2005 Order granting the Motion to Continue and the February 28, 2006 Pretrial Conference, other than a Notice of Rescheduled Hearing entered by the Clerk at the request of the parties, rescheduling the Pretrial Conference from February 23, 2006 to February 28, 2006 [Dkt. #15].

At the Pretrial Conference on Tuesday, February 28, 2006, four court days before trial, Mr. Leonard, on behalf of the defendant, orally moved to continue the March 6, 2006 trial date and presented a Speedy Trial Waiver signed by the defendant.  Mr. Leonard indicated, without much explanation, that he still needed more time to pursue an insanity defense.  The Court responded by ordering the defendant to undergo a psychiatric or psychological evaluation pursuant to 18 U.S.C. §§ 4241, 4242, and 4247.  The defendant now seeks reconsideration of the Court's Order denying his motion to continue and order directing a psychiatric or psychological evaluation.

In defendant's motion for reconsideration and affidavit the Court is, for the first time, informed of important and specific facts concerning the pre-trial preparation of this case: that an expert has reviewed Mr. Swagerty's medical records and that the expert met with Mr. Swagerty some three weeks ago.  Still, no explanation is offered as to why the expert has not reached an opinion concerning an insanity defense, what more needs to be done or, when, if ever, the expert expects to be in a position to render an opinion on the subject.  While the Court is still somewhat at a loss as to why an expert had not seen the defendant earlier, especially since the defendant's mental health was a concern from the beginning of this case, <u>see</u> Affidavit of Russell V. Leonard, Dkt. #12, this Court is left with no choice but to reconsider its prior ruling denying the oral motion to continue and directing a psychiatric or psychological evaluation.  Therefore, Defendant's Motion for Reconsideration and Objection to Order for Mental Examination [Dkt. #18] is **GRANTED**.

Furthermore,

The ends of justice served by the granting of a continuance in this matter outweighs the better interest of the public and the defendant in a more speedy trial because to deny the requested continuance would deny counsel for the defendant the reasonable time necessary to prepare; specifically, to complete a mental health evaluation for the purposes of a potential insanity defense.  18 U.S.C. §§ 3161(h)(8)(A) and (B).

The new trial date is May 22, 2006 at 9:00 a.m.  Pretrial motions, if any, shall be filed by April 17, 2006, and the Court will conduct a Pretrial Conference on May 17, 2006, at 9:00 a.m.

The time from the entry of this Order until the new trial date is excluded from calculation under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A).

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.  Counsel are urged to reflect on the contents of the January 19, 2005 letter sent by the Chief Judge to all panel attorneys (attached), to the United States Attorney and to the Federal Public Defender.  Future motions for continuance, in this or other cases, should be made as soon as it is known that a continuance is necessary and should be supported by specific facts which demonstrate a clear need for the delay.

Dated this 2nd day of March, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE